COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Overton
Argued at Alexandria, Virginia


EARL A. TERPSTRA, JR.
                                  MEMORANDUM OPINION[*] BY
v.         Record No. 0716-95-4   JUDGE NELSON T. OVERTON
                                       APRIL 9, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Jane Marum Roush, Judge

             R. Ramsey Maupin for appellant.

             Brian Wainger, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Margaret Ann B. Walker, Assistant Attorney
             General, on brief), for appellee.


     Earl A. Terpstra was convicted at a bench trial of driving a

motor vehicle while intoxicated, a violation of Code § 18.2-266.

 He appeals his conviction on the grounds that (1) the

certificate of breath test results did not comply with the

statute in effect as of his trial date and (2) that evidence of

his drinking after stopping his car fatally tainted the breath

test results.  For the reasons that follow, we affirm the

conviction.

     On June 15, 1994, at approximately 1:00 a.m., Terpstra was

observed by two police officers running a red light and

accelerating quickly away.  The officers pursued Terpstra's

vehicle, which was travelling between 40 to 50 miles per hour

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

through a residential zone.  They continued, lights and siren activated, until Terpstra turned off his headlights and pulled into his driveway.[1]  The officers approached Terpstra and noticed his red, glassy eyes and a strong odor of alcohol.  As the officers attempted to take Terpstra into custody, he became belligerent, and the officers were forced to use pepper spray.  Because of Terpstra's uncooperative nature, no field sobriety tests were administered.  Terpstra admitted that he had drunk a few beers at a bowling alley that night.  The results of his breath test, given at the county jail, showed a blood alcohol level of .13%.  At a trial held March 30, 1995, Terpstra testified that he did not run a red light, that he did not see the police officers behind him until he was home, and that after he had shut his engine off he drank from a bottle of vodka in his car.  He was convicted.

Terpstra assigns error to the admission of the breath test results at trial because the certificate did not comply with the statutory requirements.  Code § 18.2-268.9, governing the use of breath test results as evidence, states in pertinent part:

> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Division's specifications, the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate, the name of the

[1]Terpstra was also convicted of speeding to elude a police officer under Code § 46.2-817, but does not contest this conviction on appeal.

accused, <u>that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test,</u> the date and time the sample was taken from the accused, the sample's alcohol content, and the name of the person who examined the sample.

(Emphasis added). The 1994 Amendment to Code § 18.2-268.2 added the emphasized language and became effective July 1, 1994, fifteen days <u>after</u> the offense in question. Terpstra's certificate lacked this new required language.

We hold that this omission does not render the results inadmissible in this case. The breath test and the certificate were completed before the new amendment had become effective. Every step in administering and recording the results of Terpstra's breath test conformed the statute as it was when the test was given. To require compliance with a provision not yet law defies common sense. Code § 1-16 requires procedural provisions of the Code in effect on the date of trial to "control insofar as practicable." Code § 1-16; <u>see</u> <u>Smith v. Commonwealth</u>, 219 Va. 455, 476, 248 S.E.2d 135, 148 (1978), <u>cert. denied</u>, 441 U.S. 967 (1979). Conformity in this case was clearly not practicable.

Terpstra also argues that the after-consumed alcohol renders the breath test results inadmissible. This contention fails as well. The measurement of a blood alcohol test creates a rebuttable presumption that the measurement accurately reflects the blood alcohol concentration at the time of driving. <u>See</u>

<u>Davis v. Commonwealth</u>, 8 Va. App. 291, 299, 381 S.E.2d 11, 16 (1989). The defendant is entitled to challenge this presumption through evidence calling into question the accuracy of the test results. <u>Id.</u> Terpstra attempted to rebut the presumption by testifying that he drank alcohol after he had stopped his vehicle. We must determine whether the evidence presented at trial, viewed in the light most favorable to the Commonwealth, sufficiently rebutted the presumption.

The trial judge heard testimony that Terpstra was stopped after driving in a careless manner, that his eyes were red and glassy upon exiting the vehicle, that he was violently uncooperative with the police, and that he admitted having a few beers earlier. Weighed against the defendant's unsupported claim that he drank more alcohol after stopping his car, the judge reasonably could have concluded that Terpstra's blood alcohol concentration was over the limit allowed by law.

We find that the breath test results were admissible. We further find that the defendant's evidence did not rise to a level sufficient as a matter of law to rebut the presumption that the test results accurately reflect the blood alcohol concentration of the defendant at the time he operated his vehicle. The conviction is affirmed.

<u>Affirmed.</u>